IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
SPRINGFIELD DIVISION

| | |
|---|---|
| TERRENCE GAILES, | ) |
|     Petitioner, | ) ) ) |
| v. | )    Case No. 16-3124 |
| UNITED STATES OF AMERICA, | ) ) ) |
|     Defendant. | ) |

## OPINION

RICHARD MILLS, United States District Judge:

Pending is the Motion of Petitioner Terrence Gailes under 28 U.S.C. § 2255 to Vacate, Set Aside or Correct his Sentence.

Pending as well is the Petitioner's Supplemental Motion for the same relief.

After entering a plea of guilty to possession with the intent to distribute 5 or more grams of cocaine base ("crack"), in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(B), Gailes was sentenced by this Court on August 26, 2011 to 209 months imprisonment. *See United States vs. Terrence Devell Gailes*, Case Number 10-30044. At sentencing, the Court determined that the Petitioner was a career offender based on two prior felony controlled substance offenses, including Distribution of a Mixture or Substance Containing Cocaine Base "Crack," Central District of Illinois Case Number 92-30052; and Unlawful Cannabis Trafficking,

Sangamon County, Illinois, Circuit Court, Case Number 01-CF-000660. The Petitioner did not file a notice of appeal.

Upon reviewing the motion and supplement, the Court concludes that Petitioner's habeas motion is untimely and must be dismissed.

The Petitioner contends he is entitled to habeas relief because he says the United States Supreme Court, in *Johnson v. United States*, 135 S. Ct. 2551 (2015), ruled that being in possession of a firearm is not a violent crime. He claims that this Court used his 2011 conviction of being a felon in possession of a firearm in determining that Petitioner qualified as a career offender.

The Petitioner is wrong on two counts.

First: In *Johnson*, the Court held that "imposing an increased sentence under the residual clause of the Armed Career Criminal Act violates the Constitution's guarantee of due process." 135 S. Ct. at 2563. Because the Petitioner was not sentenced under the residual clause of the Armed Career Criminal Act, *Johnson* is inapposite. Therefore, although *Johnson* announced a new substantive rule which applies retroactively on collateral review, *see Price v. United States*, 795 F.3d 731, 734 (7th Cir. 2015), the Petitioner is not eligible for relief pursuant to *Johnson*.

Second: As it earlier stated, the Court did not use the Petitioner's 2011 firearm conviction in determining he qualified as a career offender. The Petitioner did plead guilty to aggravated unlawful use of a weapon by a felon, Sangamon

County Illinois, Circuit Court, Case No. 08-CF-130, and was sentenced in 2011 to twelve years in the custody of the Illinois Department of Corrections, followed by four years of mandatory supervised release. However, the Petitioner's career offender status was based on the aforementioned felony controlled substance offenses. It was not based on the residual clause of the career offender guideline. Even if he were sentenced pursuant to the residual clause of U.S.S.G. § 4B1.2(a)(1), the Petitioner would be entitled to no relief because the guidelines are not subject to due process vagueness challenges. *See Beckles v. United States*, 137 S. Ct. 886, 897 (2017).

Because the Petitioner does not qualify for relief pursuant to *Johnson*, he did not have one year from that decision on June 26, 2015 in which to file his habeas motion. A motion for post-conviction relief under § 2255 is subject to a one-year period of limitation that generally runs from "the date on which the judgment of conviction becomes final." *See* 28 U.S.C. §2255(f)(1). Because he did not file a notice of appeal, the Petitioner's conviction became final in September of 2011. He filed this habeas motion on May 5, 2016. Accordingly, the motion is untimely and must be dismissed.[1]

---

[1] The Petitioner has asserted other grounds for relief—that he is entitled to be sentenced under the new guideline pursuant to the retroactive amendment and that the wording in his plea agreement is too broad. Those claims are also untimely.

It is plain from the motion and the record that Petitioner is entitled to no relief under *Johnson* and his habeas motion is untimely. Because the Petitioner was sentenced as a career offender based on two prior controlled substance offenses, the issue of whether the Petitioner is entitled to relief under *Johnson* is not one that reasonable jurists might debate. Accordingly, the Court declines to grant a certificate of appealability pursuant to 28 U.S.C. § 2253(c)(2).

<u>Ergo</u>, the Petitioner's Motion to Vacate, Set Aside or Correct his Sentence pursuant to 28 U.S.C. § 2255 [d/e 1] is DENIED.

Petitioner's Supplemental Motion to Vacate, Set Aside or Correct his Sentence pursuant to 28 U.S.C. § 2255 [d/e 3] is also DENIED.

Pursuant to Rule 11(a) of the Rules Governing Section 2255 Cases, the Court declines to grant a certificate of appealability.

The Clerk will enter Judgment and terminate this case.

ENTER: June 19, 2018

FOR THE COURT:

/s/ *Richard Mills*
Richard Mills
United States District Judge